K. K. HALL, Circuit Judge,
dissenting:
I must respectfully dissent. I believe that the federal agencies have adequately considered all environmental consequences of the proposed dam, and I would permit the project to go forward without further ado.
We may order an agency to supplement an EIS only if the agency’s decision to forgo the supplement in the face of “new” information was “arbitrary and capricious.” 5 U.S.C. § 706(2)(A); Marsh v. Oregon Natural Resources Council, 490 U.S. 360, 375-376, 109 S.Ct. 1851, 1860, 104 L.Ed.2d 377 (1989). It seems to me that the objections concerning potential zebra mussel infestation were not so much “new” information as “late” information. Surely one of the purposes of a regulation permitting one federal agency to adopt another agency’s completed EIS is to make environmental review “one-stop shopping” as near as can practicably be. The prophets of zebra mussel infestation have no excuse for failing to voice their concerns to the NRCS during its preparation of the EIS. Accordingly, I would hold that the Corps’ decision was not “arbitrary and capricious.”
It follows that I do not fault the Corps for not undertaking an exhaustive NEPA-style investigation of the zebra mussel issue. The Corps took a good enough look to satisfy itself that the dam should be built. It reasoned that zebra mussels are so pervasive, and infestations so inevitable, that it made no sense to let them scuttle a much needed local improvement. This kind of balancing is the sole province of the executive branch, and we have no role beyond ensuring that the balancing was done. Robertson v. Methow Valley Citizens Council, 490 U.S. 332, 350, 109 S.Ct. 1835, 1845-46, 104 L.Ed.2d 351 (1989). I am satisfied that it was done here.
Likewise, while the economic study relied on by the NRCS was imperfect, perfection is not the standard of review. The EIS makes clear that, because only the proposed multipurpose dam would meet all of the sponsors’ goals, there are only two alternatives: build or not build. Even if one were to indulge the elaborate assumption that all of the recreational gains from the project would be offset by recreational losses, the NRCS would still have had a positive cost-benefit ratio before it.
In this regard, I very much agree with the district court’s observation that sound deci-sionmaking is not strictly cost-driven. For example, the Superintendent of Schools of Ritchie County attributed a $40,000 “cost” to each day of instruction lost to the river’s caprices. This figure is, and must be, purely subjective. What is day of education worth? Can a child’s mastery of the Pythagorean Theorem or appreciation of Mozart be expressed in dollars and cents?
Lastly, on this record, and as the majority concedes, the Wild and Scenic Rivers Act does not prohibit construction of the dam.
The decisions of the Corps and NRCS were not arbitrary and capricious. I dissent.